UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAWN HOLDEN,

               Plaintiff,

     v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

               Defendant.

CASE NO. C16-05003 BHS

ORDER AFFIRMING THE COMMISSIONER'S DECISION

# I. BASIC DATA

Type of Benefits Sought:

    (  ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Female

    Age: 49 at application date

Principal Disabilities Alleged by Plaintiff: Chronic pain in left hip, leg numbness, bursitis, distended belly, umbilical hernia, diabetes, hepatitis C, substance abuse, depression, post-traumatic stress disorder

Disability Allegedly Began: January 1, 2002

Principal Previous Work Experience: Child care provider, janitor

Education Level Achieved by Plaintiff: GED

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before ALJ Rudy M. Murgo:

    Date of Hearing: June 11, 2014; hearing transcript AR 46-77

    Date of Decision: June 26, 2014

    Appears in Record at: AR 21-45

    Summary of Decision:

> The claimant has not engaged in substantial gainful activity since April 26, 2012, the application date. The claimant has the following severe impairments: degenerative disc disease, left hip bursitis, shoulder joint pain, lumbar sprain and strain, uncontrolled diabetes mellitus II, affective disorder, post-traumatic stress disorder, anxiety disorder, and substance abuse. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.
>
> The claimant has no past relevant work. Considering the claimant's residual functional capacity, there are jobs existing in significant numbers in the national economy that the claimant can perform. Therefore, the claimant has not been under a disability, as defined in the Social Security Act, since April 26, 2012, the application date.

Before Appeals Council:

    Date of Decision: October 30, 2015

    Appears in Record at: AR 2-7

    Summary of Decision: Declined review

## III. PROCEDURAL HISTORY—THIS COURT

    Jurisdiction based upon: 42 U.S.C. § 405(g)

    Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

## IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

The claimant, Dawn Holden ("Holden"), bears the burden of proving that she is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(A). A claimant is disabled under the Act only if her

impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  *Valentine v. Comm'r, Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  *Id.*

## VI. ISSUE ON APPEAL

1. Did the ALJ err in evaluating the opinion of nonexamining physician Miller Garrison?

## VII. DISCUSSION

Holden appeals the Commissioner's decision denying her disability benefits, arguing that the ALJ erred in evaluating the opinion of nonexamining physician Dr. Garrsion.  Dkt. 12.  The Court disagrees.

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence.  *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons."  *Id.* at 725.  The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.*

In general, more weight is given to a treating or examining physician's opinion than to the opinions of those who have not seen the claimant. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Where a nonexamining physician and an examining physician rely on the same clinical findings, but come to different conclusions based on those findings, the ALJ should give greater weight to the conclusions of the examining physician. *Id*. Still, a nonexamining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id*.; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Here, Dr. Garrison opined that Holden medically equaled part C of listing 12.04 for affective disorders and that Holden had marked limitations in concentration, persistence, and pace. *See* AR 69-70. Dr. Garrison believed that Holden met listing 12.04, part C.2., indicating that Holden had a residual disease process that had resulted in such marginal adjustment that a minimal increase in mental demands or change in environment would be predicted to cause episodes of decompensation. *See* AR 69. Dr. Garrison appeared to base this opinion on Holden being very reactive to stressors. *See id*.

The ALJ gave Dr. Garrison's opinion that Holden met listing 12.04 little weight because, among other reasons, it "not only lack[ed] substantial support in the record, but it contrast[ed] sharply with the other evidence." *See* AR 31. The ALJ noted that Dr. Garrison's prediction that an increase in mental demands or change in environment would cause decompensation was undermined by the record showing that Holden had never experienced any episodes of decompensation. *See id*. Episodes of decompensation are "exacerbations or temporary increases in symptoms or signs accompanied by a loss of

adaptive functioning, as manifested by difficulties in performing activities of daily living, maintaining social relationships, or maintaining concentration, persistence, or pace." 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(C)(4).  As Dr. Garrison acknowledged, evaluating physicians found no such episodes of loss of adaptive functioning during the relevant period, which would be shown by significant alteration in medication or documentation of the need for a more structured psychological support system, such as hospitalization.  *See id.*; AR 70, 329-34, 508-11.  The ALJ then reasonably inferred that Dr. Garrison's prediction of decompensation was inconsistent with the examining physicians never finding any such behavior despite changes in Holden's environment throughout the relevant period.  *See* AR 31.  Substantial evidence supports the ALJ dismissing the nonexamining physician's opinion that Holden met listing 12.04 because it was not consistent with other evidence in the record.  *See Lester*, 81 F.3d at 830-31.

Similarly, the ALJ discounted Dr. Garrison's opinion that Holden had marked limitations in concentration, persistence, and pace because it was inconsistent with the evidence in the record.  *See* AR 31.  Evaluating physicians, who interviewed Holden and performed mental status examinations, found no such marked limitations.  *See* AR 332, 409, 509-10.

Holden argues that the nonexamining physician had the benefit of two more years of evidence.  *See* Dkt. 12 at 9-10.  However, the only relevant new evidence that Holden identifies in that period is her own testimony, which the ALJ properly discounted.  *See id.*; AR 33. Holden also notes that the evaluating physicians still opined to some limitations in concentration, persistence, or pace.  *See* Dkt. 12 at 10; AR 332, 412, 511.

However, the ALJ acknowledged these limitations and either incorporated them into the RFC or gave reasons to discount them.  *See* AR 35.  The limitations were not necessarily consistent with a marked impairment in concentration, persistence, or pace.  Finally, Holden argues that it is illogical for the ALJ to discount Dr. Garrison's opinion because it was inconsistent with the findings of the evaluating physicians when the ALJ did not fully accept their opinions either.  *See* Dkt. 12 at 10.  However, that the ALJ found reasons to further discount the extremity of the evaluating physicians' opinions (which Holden does not argue was in error) does not undermine, but rather supports, the finding that the record did not support the marked limitations to which Dr. Garrison opined.  Therefore, the ALJ gave specific, legitimate reasons supported by substantial evidence to discount the opinion of the nonexamining physician.  The ALJ did not err.

## VIII.  ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision is **AFFIRMED**.

Dated this 22nd day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge